William Graeme FORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–99–00683–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 15, 2001.

Rehearing Overruled March 8, 2001.

William Paul Mewis, Houston, for appellants.

Peyton Peebles III, Houston, for appellees.

Panel consists of Justices FOWLER, EDELMAN and BAIRD.*

---

* Former Judge Charles F. Baird sitting by assignment.

## OPINION

CHARLES F. BAIRD, Justice (Assigned).

Appellant was charged by indictment with the offense of aggravated assault. The jury acquitted appellant of that offense but convicted him of the lesser offense of deadly conduct. The trial court assessed punishment at one year confinement probated for two years and a fine of $500.00. Appellant raises two points of error. We affirm.

### I. Factual Summary.

The record evidence established the following: The complainant was a frequent customer at a neighborhood icehouse. Routinely after work, she would come to the bar along with her dog. The complainant was permitted to bring her dog inside the premises. Both the complainant and her dog were well known to the patrons of the icehouse.

On December 26, 1997, appellant, who was not a regular customer, entered the icehouse. As he approached the bar, appellant's attention was drawn to the complainant's dog. Although there is conflicting testimony as to whether the dog acted in an aggressive manner, there is no dispute that appellant kicked the dog.

A patron approached appellant and a scuffle ensued in which appellant pulled a knife described as either a regular pocket knife with a three inch blade or a switchblade with a blade of approximately five inches. Two witnesses formed the opinion the knife was a deadly weapon. During the scuffle, the complainant moved from her chair toward the two men. The complainant testified she was attempting to retrieve the dog. Other testimony suggested she attacked appellant from the rear.

Although no one actually saw appellant cut the complainant's arm, that fact was not disputed as appellant was the only person who could have caused the injury because he was the only one with a knife.

The wound was described as six inches long and approximately three inches deep, cutting through the tendons, arteries, and muscles, down to the bone. The wound required surgery and subsequent therapy. The therapist opined the injury would result in permanent impairment. This opinion was confirmed by the complainant who testified it would take two to five years to regain use of her hand and arm, but that the recovery would never be one hundred per cent.

A State's witness described appellant's conduct as dangerous. And a defense witness admitted that wielding a knife as appellant did could be dangerous. The jury was instructed on the law of aggravated assault. In addition, the State requested and received, over appellant's objection, an instruction on the lesser included offense of deadly conduct.

### II. Lesser Included Offenses

#### A. Who May Request Charge on Lesser Offense

As a general rule, the defendant, seeking to limit his criminal liability, is the party requesting a charge on the lesser offense pursuant to Article 37.09 of the Code of Criminal Procedure. However, the State is equally entitled to seek such a charge when it feels the proof has fallen short of proving the charged offense. *See Arevalo v. State*, 943 S.W.2d 887, 890 (Tex. Crim.App.1997). Finally, the trial court has the duty and responsibility to instruct on the "law applicable to the case." *See* TEX.CODE CRIM. PROC. ANN. art. 36.19. In discharging this duty, the trial court is authorized to *sua sponte* include a charge on a lesser offense; a trial court is not restricted to submitting lesser included offenses only when the defendant has properly requested them. *See McQueen v. State*, 984 S.W.2d 712, 717 (Tex.App.— Texarkana 1998, no pet.). This is true even if the defendant objects to submission of the charge to the jury. *See ibid.* (citing *Humphries v. State*, 615 S.W.2d 737, 738

(Tex.Crim.App. [Panel Op.] 1981)). In the instant case, the lesser charge was requested by the State.

## B. Preservation of Error

■ As noted above, generally the defendant affirmatively requests a charge on a lesser included offense. This request must be made in writing or "dictated to the court reporter in the presence of the court and the state's counsel, before the reading of the court's charge to the jury." *See* TEX.CODE CRIM. PROC. ANN. arts. 36.14 and 36.15. These statutory provisions do not require the requested charge to be "in perfect form." *See Chapman v. State,* 921 S.W.2d 694, 695 (Tex.Crim.App.1996). Rather, the request need only be "sufficient to call the trial court's attention to the omission in the court's charge." *See ibid.* (quoting *Stone v. State,* 703 S.W.2d 652, 655 (Tex.Crim.App.1986)). If the trial court grants the request and instructs the jury on the lesser charge, the defendant is estopped from complaining of its inclusion on appeal. *See Hirad v. State,* 14 S.W.3d 351, 352 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd).[1] However, if the trial court refuses to include the requested charge, the failure to do so preserves the issue for appeal. *See* TEX.CODE CRIM. PROC. ANN. arts. 36.14 and 36.15.

■ The question of error preservation is more complicated when the trial court provides the charge *sua sponte* or at the State's request. The trial court does not have jurisdiction to convict a defendant of an offense not alleged in the charging instrument. *See Jacob v. State,* 864 S.W.2d 741, 742 (Tex.App.—Houston [14th Dist.] 1993) *aff'd* 892 S.W.2d 905 (Tex. Crim.App.1995). However, the trial court's jurisdiction extends to all lesser "included" offenses as defined by article 37.09. *See Day v. State,* 532 S.W.2d 302, 315 (Tex.Crim.App.1975) (opinion on re-

hearing). The limitations of article 37.09 satisfy the requirements of due process and notice because the lesser included offense must necessarily be included within the greater. *See Jacob,* 892 S.W.2d at 907. Therefore, the trial court has jurisdiction over the charged offense and all lesser included offenses. If the lesser offense is a lesser "included" offense the appellate court should determine whether the charge was warranted. If the charge is not warranted, then the issue is one of charge error and preservation of that issue devolves into a question of harm, the standard for which is determined by whether the defendant objected to the charge on the lesser included offense. *See Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1984) ("some harm" vs. "egregious harm" standards for determining harm).

■ However, not every lesser offense is a lesser "included" offense. If the lesser offense is not a lesser "included" offense, the trial court is without jurisdiction to convict on that offense. Consequently, in such a circumstance, an objection is not required to preserve the issue because jurisdictional matters may be raised at any time by the parties or by the court. *See Martinez v. State,* 5 S.W.3d 722, 725 (Tex.App.—San Antonio 1999, no pet.) (citing *Ex parte Smith,* 650 S.W.2d 68, 69 (Tex.Crim.App.1981); *Lackey v. State,* 574 S.W.2d 97, 100 (Tex.Crim.App. 1978); *Casias v. State,* 503 S.W.2d 262, 265 (Tex.Crim.App.1973)). This is so because any action taken by a court without jurisdiction is void. *See ibid.* (citing *Foster v. State,* 635 S.W.2d 710, 721 (Tex.Crim.App. 1982)). In the instant case, the State requested the instruction on the lesser offense and it was included in the court's charge over appellant's objection.

## C. When Lesser Included Charge Warranted

■ Determining whether a charge on a lesser included offense is warranted

---

1. Similarly, a defendant who requests the lesser offense is estopped from complaining on appeal that the evidence is insufficient to support a conviction of the lesser offense.

*See Otting v. State,* 8 S.W.3d 681, 687–88 (Tex.App.—Austin 1999, pet. ref'd) (and cases cited therein).

presents a dual inquiry. First, is the lesser offense included within the proof necessary to establish the offense charged? *See Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993). Second, if so, is there some record evidence from which a jury could rationally find that if the defendant is guilty, he is guilty only of the lesser offense? *See ibid.*

Under the first prong, whether a lesser offense is actually a lesser "included" offense is governed by article 37.09, which provides an offense is a lesser included offense if:

> (1) it is established by proof of the same or less than all of the facts required to establish the commission of *the offense charged;*
>
> (2) it differs from *the offense charged* only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3) it differs from *the offense charged* only in the respect that a less culpable mental state suffices to establish its commission; or
>
> (4) it consists of an attempt to commit *the offense charged* or an otherwise included offense.

*See* Tex.Code Crim. Proc. Ann. art. 37.09 (emphasis added). Each definition of a lesser included offense in article 37.09 is stated with reference to "the offense charged," and specifically states the manner in which the lesser included offense differs from the offense charged.[2] If no subsection of article 37.09 applies, the lesser offense is not a lesser "included" offense as a matter of law and the inquiry is over.[3]

On the other hand, if the first prong is satisfied, the court must determine if there is some record evidence from which a jury could rationally find that if the defendant is guilty, he is guilty only of the lesser offense. *See Rousseau*, 855 S.W.2d at 672–73. The second prong requires an examination of the record to determine if the lesser included offense was raised by the evidence, whether produced by the State or the defendant and whether it be strong, weak, unimpeached, or contradicted. *See Bell v. State*, 693 S.W.2d 434, 442 (Tex.Crim.App.1985). It is then the jury's duty, under the proper instructions, to determine whether the evidence is credible and supports the lesser included offense. *See ibid.*

### D. Case of First Impression

At first glance, the issue of whether deadly conduct is a lesser included offense of aggravated assault appears to have been decided by several courts. *See Bell v. State*, 693 S.W.2d 434, 437–39 (Tex.Crim.App.1985); *Guzman v. State*, 988 S.W.2d 884, 885 (Tex.App.—Corpus Christi 1999, no pet.); *Bynum v. State*, 874 S.W.2d 903, 907 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). However, those cases involved aggravated assaults where the assaultive conduct was a threat pursuant to Texas Penal Code section 22.01(a)(2).[4] Conversely, the instant case involves aggravated assault *not* by threat but rather by causing bodily injury. *See* Tex. Pen.Code Ann. § 22.01(a)(1). When a penal section defines more than one way in

---

2. Each subsection of article 37.09 defines the lesser included offense in light of "the offense charged." This definition is constitutionally required to prevent a defendant from being convicted of offenses not subsumed in the charged offense but nevertheless shown by the evidence presented at trial because the State in proving "the offense charged," also proved another offense. *See Jacob*, 892 S.W.2d at 907.

3. Some offenses are prohibited by statute from being lesser included offenses. For example, public intoxication is not a lesser included offense of driving while intoxicated. *See* Tex. Pen.Code Ann. sec. 49.02(d).

4. The elements of an offense under section 22.01(a)(2) are:
 (1) a person,
 (2) intentionally or knowingly,
 (3) threatens another,
 (4) with imminent bodily injury.

which an offense can be committed, an allegation that the offense has been committed in one way may include a lesser offense, while an allegation that the offense was committed in another way would not include the lesser offense. *See Bell,* 693 S.W.2d at 436. By way of example, the *Bell* Court stated:

> [R]obbery may be committed either by causing bodily injury or by threatening imminent bodily injury. Each of these forms of robbery includes, as a lesser offense, a form of assault that the other does not include. An allegation of robbery by threat includes the lesser offense of assault by threat; it does not include the offense of assault by causing bodily injury. Conversely, an allegation of robbery by causing bodily injury would include the lesser offense of assault by causing bodily injury, but it would not include the offense of assault by threats.

693 S.W.2d at 437, n. 3 (internal citation deleted).

Because a greater offense may be committed in more than one way, appellate courts are required to analyze each individual case to determine whether the lesser offense is actually a lesser "included" offense of the charged offense. In *Day,* the Court of Criminal Appeals explained:

> [W]hether one offense bears such a relationship to the offense charged [so as to be considered a lesser included offense] is an issue which must await a case by case determination, both because the statute defines lesser included offenses in terms of the offense charged and because it defines lesser included offenses in terms of the facts of the case.

532 S.W.2d at 315–16. *Compare Livingston v. State,* 739 S.W.2d 311, 336–37 (Tex. Crim.App.1987) (felony murder was a lesser included offense of capital murder under the facts of that case) with *Hernandez v. State,* 819 S.W.2d 806, 813–14 (Tex. Crim.App.1991) (felony murder was not a lesser included offense of capital murder under the facts of that case), *cert. denied,*

504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992). For example, in *Jacob,* 892 S.W.2d 905, the defendant was charged with burglary of a habitation with the intent to commit aggravated assault but convicted of the lesser offense of aggravated assault. The Court of Criminal Appeals held aggravated assault was not a lesser "included" offense of burglary under Texas Penal Code section 30.02(a)(1) because only the intent to commit the assault was required for conviction. Conversely, an indictment charging burglary under Texas Penal Code section 30.02(a)(3) would permit the lesser offense of aggravated assault because that theory of burglary required the actual commission or attempted commission of the underlying offense. *See Jacob,* 892 S.W.2d at 909.

Accordingly, *Bell, Bynum* and *Guzman* are not controlling and appellant raises an issue of first impression.

### E. The Four Steps of *Jacob*

 The two prongs of *Rousseau* have evolved into a four step process to determine if a lesser offense is warranted: (i) a statutory analysis in light of the charged offense; (ii) a factual analysis in light of the charged offense; (iii) an examination of the elements of the offense claimed to be a lesser included offense to see if its elements fall within any subsection of article 37.09; (iv) finally, the evidence actually presented to prove the elements of the charged offense must be examined to see if that proof also shows the lesser included offense. *See Jacob,* 892 S.W.2d at 908. We will now undertake this process.

#### i.

In the instant case the indictment alleged in pertinent part that appellant did:

> "... intentionally, knowingly and recklessly cause bodily injury to [the complainant] by using a deadly weapon, namely, a knife." The facts required to establish the charged offense are:

(1) appellant:

(2) intentionally, knowingly or recklessly;

(3) caused bodily injury; and,

(4) used a deadly weapon.

*See* TEX. PEN.CODE ANN. § 22.02(a)(2).

### ii.

To prove the charged offense, the State offered evidence that appellant wielded a knife during a scuffle. At some point during that scuffle, the complainant was injured by appellant. Although the testimony was conflicting as to the actual size of the knife, the evidence is clear that, because of the injury sustained by the complainant, appellant's knife was used in a manner capable of causing serious bodily injury. *See* TEX. PEN.CODE ANN. § 1.07(a)(17)(B).

### iii.

The jury charge permitted the jury to convict appellant of deadly conduct if they concluded beyond a reasonable doubt that appellant recklessly engaged in conduct that placed the complainant in imminent danger of serious bodily injury. The statutory elements of deadly conduct are:

(1) a person;

(2) recklessly engages in conduct;

(3) that places the complainant in imminent danger of serious bodily injury.

*See* TEX. PEN.CODE ANN. § 22.05(a).

We are now called upon to determine if these elements fall within any of the article 37.09 subsections.

We must first determine whether deadly conduct is established by proof of the same or less than all of the "facts required" to establish the commission of aggravated assault as charged in the indictment. *See* TEX.CODE CRIM. PROC. ANN. art. 37.09(1). In this context, "facts required" means the evidence legally required to prove the elements of the charged offense. *See Jacob,* 892 S.W.2d at 908. Appellant contends that because aggravated assault under section 22.02(a)(2) is a result oriented offense, any lesser offense must also be a result oriented offense. Since deadly conduct is not a result oriented offense, appellant argues it cannot be a lesser included offense of section 22.02(a)(2). In support of this argument he relies upon *Bell* which held deadly conduct was a lesser included offense of assault by threat. In *Guzman,* 988 S.W.2d at 887, the court held that assaultive behavior consummated by threat under section 22.01(a)(2), is not a result oriented offense but is a nature of conduct offense. However, assault by causing bodily injury under 22.01(a)(1) is a result oriented offense. *See Mott v. State,* 835 S.W.2d 256 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd); *Green v. State,* 891 S.W.2d 289 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); *Sneed v. State,* 803 S.W.2d 833 (Tex.App.—Dallas 1991, pet. ref'd). In a result-oriented offense, it is not enough for the State to prove that the defendant engaged in conduct with the requisite criminal intent, the State must also prove that the appellant caused the result with the requisite criminal intent. *See Cook v. State,* 884 S.W.2d 485, 490 (Tex.Crim.App. 1994). Consequently, when the charge defines the culpable mental state in relation to both the nature of the conduct and the result of the conduct, rather than limiting its definition to the result only, the charge is erroneous. *See id.* at 491. In the instant case, the trial court correctly limited the culpable mental states of intentionally, knowingly, and recklessly to the result as they related to the offense of aggravated assault.[5]

---

5. Specifically, the trial court defined the culpable mental states in relation to the offense of aggravated assault as follows:

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

■ Deadly conduct on the other hand is not a result oriented offense because it does not prescribe a specific result, but rather requires only that the actor engage in the proscribed conduct. *See* TEX. PEN. CODE ANN. § 22.05(a). Therefore, when defining the culpable mental state of recklessly in relation to the offense of deadly conduct, the trial court used the full definition of reckless.[6]

In reaching its holding that deadly conduct was a lesser offense of aggravated assault by threat, the *Bell* Court stated:

> Patently, threatening another with imminent bodily injury is engaging in conduct. When that threat is accomplished by the use of a deadly weapon, by definition the victim is "exposed" to the deadly character of the weapon and the inherent risk of serious bodily injury. The danger of serious bodily injury is necessarily established when a deadly weapon is used in the commission of an offense. It follows, therefore, that proof of threatening another with imminent bodily injury by the use of a deadly weapon constitutes proof of engaging in conduct that places another in imminent danger of serious bodily injury.

693 S.W.2d at 438–39.

That reasoning, applied to the instant case, may be stated as follows: When bodily injury is caused by the use of a deadly weapon, the complainant is necessarily exposed to the deadly character of the weapon and the inherent risk of serious bodily injury. The danger of serious bodily injury is necessarily established when a deadly weapon is used in the commission of an offense. It follows, therefore, that proof of causing bodily injury by the actual use of a deadly weapon constitutes proof of engaging in conduct that places another in imminent danger of serious bodily injury. In other words, one who causes bodily injury with a deadly weapon necessarily places the complainant in imminent danger of serious bodily injury. Additionally, since deadly conduct is not a result oriented offense, the State can prove that offense by merely proving appellant engaged in the conduct without the additional requirement that a specific result was caused with the requisite criminal intent. Therefore, in the instant case, the offense of deadly conduct could be established by the same or less proof than that needed to establish aggravated assault by causing bodily injury. Consequently, we hold the requirements of subsection (1) of article 37.09 are satisfied.[7]

### iv.

■ We must now determine if the evidence actually presented to prove the elements of the charged offense also shows

---

6. A person acts recklessly, or is reckless, with respect to the result of his conduct when he is aware of but consciously disregards a substantial and justifiable risk that the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the defendant's standpoint.
*See* TEX. PEN.CODE ANN. §§ 6.03(a), (b), and (c).

6. Specifically, the trial court instructed the jury as follows:
For the offense of deadly conduct, a person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and justifiable risk that the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the defendant's standpoint.
*See* TEX. PEN.CODE ANN. § 6.03(c).

7. We pause to note that remaining subsections are not satisfied. Subsection (2) is not satisfied because serious bodily injury required by section 22.05(a) is not a "less serious injury" than bodily injury. Subsection (3) is not satisfied because the charged and lesser offenses differ in more ways than only a lesser culpable mental state. Subsection (4) is not satisfied because engaging in conduct that places another in imminent danger of serious bodily injury does not constitute an attempt or otherwise included offense of commit aggravated assault.

the lesser included offense of deadly conduct. As noted above, a State's witness described appellant's conduct as dangerous. Evidence giving rise to the lesser included offense may be produced by the State. *See Bell v. State,* 693 S.W.2d at 442. Additionally, a defense witness admitted that wielding a knife as appellant did could be dangerous. Furthermore, there was no direct evidence that appellant caused the complainant's injury with the required culpable mental state. Indeed, there is evidence that appellant did not know he injured the complainant much less that he intentionally, knowingly or recklessly caused the result. Finally, we believe it self evident that using a deadly weapon in a manner that produced a wound, which was described as six inches long and approximately three inches deep, cutting through the tendons, arteries, and muscles, down to the bone is conduct that places another in imminent danger of serious bodily injury.

### F. Conclusion

Having conducted the four step analysis set out in *Jacob,* we conclude that deadly conduct under Texas Penal Code section 22.05(a) is a lesser included offense of aggravated assault under Texas Penal Code section 22.02(a)(2). We further find the trial court was warranted in authorizing the jury to convict appellant of deadly conduct. Accordingly, the first point of error is overruled.

### III. Sufficiency of the Evidence.

■■■ The second point of error contends the "factual evidence is wholly insufficient to support a jury finding of deadly weapon." We read this point as raising both a legal and factual challenge to the sufficiency of the evidence. When we are asked to determine whether the evidence is legally sufficient to sustain a conviction we employ the standard of *Jackson v. Virginia* and ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). When we determine whether the evidence is factually sufficient, we employ one of the two factual sufficiency formulations recognized in *Johnson v. State,* 23 S.W.3d 1 (Tex.Crim.App.2000). In cases, such as this, where the appellant attacks the factual sufficiency of an adverse finding on an issue on which he did not bear the burden of proof, the appellant must demonstrate there is insufficient evidence to support the adverse finding. *Id.* at 11. Under a factual sufficiency challenge, the evidence is viewed without the prism of "in the light most favorable to the prosecution" but rather "in a neutral light, favoring neither party." *Id.* at 6. A reversal is necessary only if the evidence standing alone is so weak as to be clearly wrong and manifestly unjust. *Id.* at 8. The *Johnson* Court reaffirmed the requirement that in conducting a factual sufficiency review the appellate court must employ appropriate deference to avoid substituting its judgment for that of the fact finder. *Id.* at 7. To ensure this level of deference, the court of appeals, before ordering a reversal, should provide a detailed explanation supporting its finding of factual insufficiency by clearly stating why the fact finder's finding is insufficient and the court should state in what regard the evidence is so weak as to be clearly wrong and manifestly unjust. *Id.* at 8.

■■■ Appellant argues the evidence fails to prove he recklessly exhibited his knife. Appellant contends the evidence shows that the knife was used only to protect himself against an aggressive dog that had just bitten appellant's friend. While there is no doubt evidence to support this defensive theory, there is other evidence that shows appellant, without provocation, kicked the dog, and, following the scuffle, waived the knife in an aggressive manner. The jury is the sole judge of the credibility of the witnesses. *See Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.

App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The jury may believe or disbelieve all or part of any witness's testimony. *Id.* Simply because the defendant presents a different version of the facts does not render the evidence insufficient. *See Maestas v. State*, 963 S.W.2d 151, 156 (Tex.App.—Corpus Christi 1998), *affirmed*, 987 S.W.2d 59 (Tex.Crim.App.1999). By its verdict, the jury chose to believe the State's testimony and rejected appellant's version of why he exhibited the knife. We cannot on one hand be appropriately deferential to the jury and then on the other hand reject the jury's credibility determination. Therefore, we find the evidence is legally and factually sufficient. The second point of error is overruled.

The judgment of the trial court is affirmed.