Opinion issued October 4, 2007











 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01053-CR






ROSCOE ROBERT BURNS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 1057553






MEMORANDUM OPINION


 A jury convicted appellant, Roscoe Robert Burns, of third-degree felony assault
on a public servant, enhanced by two prior felony convictions. See Tex. Pen. Code
Ann. § 22.01(a)(1), (b)(1) (Vernon Supp. 2006). Appellant pleaded not guilty to the
offense, and pleaded "true" to the enhancements. A jury found appellant guilty as
charged, and the trial court found the enhancements true and assessed punishment at
25 years' confinement.

 In two issues, appellant contends that (1) the evidence was legally and factually
insufficient to support his conviction and (2) the trial court erred by refusing to
instruct the jury on the lesser-included offense of deadly conduct.

 We affirm.

Background On the night of February 12, 2006, appellant was being booked into the Harris
County Jail when his conduct necessitated that he be removed from the general
population and placed into a separation cell. Sergeant S. Lovel monitored appellant
hourly overnight. At 4:00 a.m. on February 13, 2006, appellant was changed from
his street clothes into a jumpsuit and placed in handcuffs and leg irons to be moved
through the rest of administrative processing. Appellant refused to walk, however,
and was placed in a wheelchair for transport. 

 Appellant was seated in the wheelchair in a hallway awaiting further
processing when Deputy E. Larson approached appellant and placed an identification
band on appellant's arm. Deputy Larson testified that appellant "jumped up out of
the wheelchair, grabbed the wheelchair with his hands handcuffed in front, raised it
over his head and looked straight at [Deputy Larson]" and that Deputy Larson
"dodged" into a doorway. Deputy Larson testified that appellant then turned around
and threw the wheelchair at Sergeant Lovel, who was standing a few feet away. 
Sergeant Lovel testified that appellant looked him in the eye as he threw the
wheelchair. Sergeant Lovel deflected the chair with his right hand, which
subsequently bled for several minutes and required medical treatment. 

 At trial, appellant testified that, while he was sitting in the wheelchair awaiting
his armband, he got into an altercation with another inmate and "blacked out." 
Appellant testified that he did not awaken for "three to four days." Appellant testified
that he had no recollection of having thrown the wheelchair at Sergeant Lovel. 
Appellant testified, however, that Sergeant Lovel had treated him well that night and
that the incident had to have happened because appellant did not think Sergeant Lovel
would lie. Appellant testified that he knew that a wheelchair could seriously hurt
someone.

 Appellant was indicted for having "intentionally and knowingly cause[d]
bodily injury to S. Lovel, hereinafter called the Complainant, a person the defendant
knew was a public servant while the Complainant was lawfully discharging an
official duty, to-wit: acting as a peace officer[,] by throwing a wheelchair at the
Complainant." (Emphasis omitted.) The jury charge contained instructions on assault
of a public servant. The trial court refused appellant's requested jury charge on
deadly conduct. This appeal ensued.

Sufficiency of the Evidence

 In his first issue, appellant contends that the evidence is legally and factually
insufficient to prove that he acted "intentionally and knowingly." Specifically,
appellant contends that he has no recollection of having thrown the wheelchair at
Sergeant Lovel and that, if he threw the wheelchair, he did so only in a reckless
manner. 

A. Standard of Review and Principles of Law 

 A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1,7 (Tex. Crim. App. 2000); Parker v. State, 192 S.W.3d 801, 804
(Tex. App.--Houston [1st Dist.] 2006, pet. ref'd). "Although our analysis considers
all of the evidence presented at trial, we may not re-weigh the evidence and substitute
our judgment for that of the fact finder." King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000). 

 We begin the factual sufficiency review with the presumption that the evidence
supporting the jury's verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). When conducting a factual-sufficiency review, we view
all of the evidence in a neutral light. See Cain v. State, 958 S.W.2d 404, 408 (Tex.
Crim. App. 1997). We will set the verdict aside only if (1) the evidence is so weak
that the verdict is clearly wrong and manifestly unjust or (2) the verdict is against the
great weight and preponderance of the evidence. Johnson, 23 S.W.3d at 10-11. 
Under the first prong of Johnson, "[we] cannot conclude that a conviction is 'clearly
wrong' or 'manifestly unjust' simply because, on the quantum of evidence admitted,
we would have voted to acquit had [we] been on the jury." Watson v. State, 204
S.W.3d 404, 416-17 (Tex. Crim. App. 2006). Under the second prong of Johnson, we
cannot declare that a conflict in the evidence justifies a new trial simply because we
disagree with the jury's resolution of that conflict. Id. Before finding that evidence
is factually insufficient to support a verdict under the second prong of Johnson, we
must be able to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury's verdict. Id. 

 In conducting the factual sufficiency review, we must address the evidence
that, according to the appellant, most undermines the jury's verdict. See Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003). The fact-finder alone determines what
weight to give contradictory testimonial evidence because that question depends on
how the fact-finder evaluates credibility and demeanor. Cain, 958 S.W.2d at 408-09.
As the determinor of the credibility of the witnesses, the fact-finder may choose to
believe all, some, or none of the testimony presented. Id. at 407 n.5. 

 Section 22.01 of the Texas Penal Code provides in pertinent part as follows:


 § 22.01. Assault

 (a) A person commits an offense if the person:

 (1) intentionally, knowingly, or recklessly causes bodily injury to
another . . . ;

 . . . .

 (b) An offense under (a)(1) is a class A misdemeanor, except that the
offense is a felony of the third degree if the offense is committed
against:

 (1) a person the actor knows is a public servant while the public
servant is lawfully discharging an official duty, or in retaliation
of or on account of an exercise of official power or performance
of an official duty as a public servant; 


See Tex. Pen. Code Ann. § 22.01(a)(1), (b)(1). 

 A person acts intentionally with respect to a result of his conduct when it is his
conscious objective or desire to engage in the conduct or to cause the result. Tex.
Pen. Code Ann. § 6.03(a) (Vernon 2003). A person acts knowingly with respect to
a result of his conduct when he is aware that his conduct is reasonably certain to
cause the result. Id. § 6.03(b). A jury may infer intent or knowledge from a
defendant's acts, words, and conduct; from the method of committing the crime; and
from the nature of the wounds inflicted on the victim. Hart v. State, 89 S.W.3d 61,
64 (Tex. Crim. App. 2002); McGee v. State, 923 S.W.2d 605, 608 (Tex.
App.--Houston [1st Dist.] 1995, no pet.).

B. Analysis 

 1. Legal Sufficiency

 Appellant contends that the evidence is legally insufficient to support his
conviction for assault on a peace officer because the State failed to show that he acted 
intentionally or knowingly, as charged. 

 The record shows that appellant was initially placed into a separation cell
because he could not conduct himself appropriately within the general population. 
In addition, the record shows that appellant refused to cooperate at times during his
processing--refusing the required tuberculosis screening and refusing to walk on his
own. Deputy Larson testified that, when he placed an armband on appellant for
identification, appellant jumped up, lifted the wheelchair over his head, and looked
directly at Larson. Deputy Larson believed that appellant was going to hit him with
the chair and darted out of the way. Deputy Larson testified that appellant turned
around and threw the wheelchair at Sergeant Lovel. Sergeant Lovel testified that
appellant was looking directly at him when he threw the chair at him and that the
chair caused injury to Sergeant Lovel's hand. Appellant testified that the wheelchair
weighed approximately 50 pounds and that he recognized that it could seriously
injure someone. 

 From this evidence the jury could reasonably infer that the wheelchair was
heavy and required deliberate effort to lift above appellant's head, that appellant
knew the danger of hurling the wheelchair at a person, and that appellant aimed for
an officer. Thus, the jury could reasonably infer that it was appellant's conscious
objective to throw the wheelchair at Sergeant Lovel and to cause injury. See Tex.
Pen. Code Ann. § 6.03(a); Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991) (stating general presumption that person intends the natural consequences of
his actions). Hence, the jury could have reasonably concluded that appellant acted
with intent. See Hart, 89 S.W.3d at 64; McGee, 923 S.W.2d at 608.

 In addition, based on the foregoing evidence, the jury could have reasonably
concluded that appellant acted knowingly because he was aware that hurling a 50-pound wheelchair at a person was reasonably certain to cause injury. See id.
§ 6.03(b); Hart, 89 S.W.3d at 64. 

 Viewing the evidence in the light most favorable to the verdict, we conclude 
that a rational trier of fact could have found beyond a reasonable doubt that appellant
acted intentionally or knowingly in causing bodily injury to Sergeant Lovel. See
Johnson, 23 S.W.3d at 7. We hold that the evidence is legally sufficient to support
the conviction for assault on a peace officer.

 2. Factual Sufficiency

 Appellant contends that the evidence is also factually insufficient to support
his conviction because the State failed to show that he acted intentionally or
knowingly during the incident. 

 As discussed above, the State provided evidence that appellant intentionally
or knowingly caused injury to Sergeant Lovel.

 Appellant testified that he could not have acted intentionally or knowingly in
causing injury to Sergeant Lovel because, while he was sitting in the wheelchair
outside Deputy Larson's office, he got into an altercation with another inmate which
caused him to "black out." Appellant alleges that he "woke up . . . three days, four
days later, probably." There is no other evidence in the record to support that
appellant got into an altercation with another inmate outside of Deputy Larson's
office, that appellant lost consciousness, that he stayed unconscious for three to four
days, or that he fell or received medical treatment. It is within the jury's province to
determine the weight and credibility to give appellant's testimony. See Cain, 958
S.W.2d at 408-09. 

 Deputy Larson testified that appellant was seated in the wheelchair in the
hallway simply awaiting further processing when Deputy Larson approached and
placed an identification band on appellant's arm. Deputy Larson and Sergeant Lovel
each testified that appellant stood up and threw the wheelchair at Sergeant Lovel. 
The jury could have reasonably concluded that appellant was not suffering from a
"black out" at the time of the incident, as he alleges. 

 Appellant contends that, if he did throw the wheelchair, he did not do so
intentionally; rather, he recklessly threw the chair and he was not charged with having
recklessly committed the assault. As discussed above, however, the jury could have
reasonably concluded that appellant aimed for an officer with intent to injure the
officer. As the determiner of the credibility of the witnesses, the jury was free to
believe all, some, or none of the testimony presented. See id. at 407 n.5; McKinny, 76
S.W.3d at 468-69.

 Having viewed all of the evidence in a neutral light, we cannot conclude that
the evidence is so weak that the verdict is clearly wrong and manifestly unjust or that
the verdict is against the great weight and preponderance of the evidence. See
Johnson, 23 S.W.3d at 10-11. We hold that the evidence is factually sufficient to
support the conviction.

 For the foregoing reasons, we hold that the evidence is legally and factually
sufficient to support the jury's finding that appellant acted intentionally or knowingly. 
Accordingly, we overrule appellant's first issue.


Lesser-Included Instruction

 In his second issue, appellant argues that the trial court erred by refusing to
instruct the jury on the lesser-included offense of deadly conduct. 

A. Standard of Review and Principles of Law 

 A defendant is entitled to an instruction on a lesser-included offense if (1) the
lesser offense is a lesser-included offense of the charged offense and (2) there is some
evidence in the record that would permit a jury rationally to find that if the defendant
is guilty, he is guilty only of the lesser offense. Guzman v. State, 188 S.W.3d 185, 188
(Tex. Crim. App. 2006).

 The analysis of the first requirement is a question of law. Hall v. State, 225
S.W.3d 524, 535 (Tex. Crim. App. 2007). Under prong one, to be considered a
lesser-included offense, the lesser offense must be included within the proof
necessary to establish the offense charged. Campbell v. State, 149 S.W.3d 149, 152
(Tex. Crim. App. 2004). This means that the lesser offense must come within the
provisions of article 37.09 of the Texas Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 37.09 (Vernon 2006); Campbell, 149 S.W.3d at 152. 

 Article 37.09 provides that an offense is a lesser-included offense if:

 (1) it is established by proof of the same or less than all the facts
required to establish the commission of the offense charged;

 (2) it differs from the offense charged only in the respect that a less
serious injury or risk of injury to the same person, property, or
public interest suffices to establish its commission;

 (3) it differs from the offense charged only in the respect that a less
culpable mental state suffices to establish its commission; or

 (4) it consists of an attempt to commit the offense charged or an
otherwise included offense. 


Tex. Code Crim. Proc. Ann. art. 37.09; see Hayward v. State, 158 S.W.3d 476, 478
(Tex. Crim. App. 2005). Because article 37.09 defines a lesser-included offense in
terms of the offense charged and the facts of the case, the determination of whether
an offense is a lesser included offense must be settled on a case-by-case basis.
Campbell, 149 S.W.3d at 152. 

 If none of the subsections of article 37.09 apply, the lesser offense is not a
lesser-included offense as a matter of law, and the inquiry ends. Ford v. State, 38
S.W.3d 836, 842 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd). If the first
prong is satisfied, then we determine, in prong two, if there is some record evidence
from which a jury could rationally find that, if the defendant is guilty, he is guilty
only of the lesser offense. See id. If both of the prongs are met, the defendant is
entitled to a charge on the lesser-included offense. Guzman, 188 S.W.3d at 189. 

B. Analysis

 We begin by setting out the statutory elements of the offense of assault on a
public servant "as they were modified by the particular allegations in the indictment."
See Hall, 225 S.W.3d at 536-37. Here, those elements are (1) the defendant, (2)
"intentionally and knowingly," (3) caused bodily injury to S. Lovel, (4) knowing he
was a public servant, (5) while Lovel was lawfully discharging an official duty. See
Tex. Pen. Code Ann. § 22.01(b)(1).

 We then compare those elements with the statutory elements of the lesser
offense of deadly conduct that could be included in the offense of assault on a public
servant. See Hall, 225 S.W.3d at 536-37. Those elements are (1) the defendant (2)
recklessly (3) engaged in conduct that placed another in imminent danger of serious
bodily injury. See Tex. Pen. Code § 22.05 (Vernon 2003). We then consider
whether, in proving assault on a public servant as it was alleged in the indictment, the
State necessarily had to prove all of the elements of deadly conduct. See Guzman,
188 S.W.3d at 189 n.7 (citing Jacob v. State, 892 S.W.2d 905, 907-08 (Tex. Crim.
App. 1995) (applying article 37.09)).

 Appellant contends that deadly conduct is a lesser-included offense of assault
on a public servant because the lesser offense of deadly conduct differs only from the
charged offense of assault on a public servant in the respect that a less culpable
mental state suffices to establish the commission of the lesser offense. Indeed, article
37.09(3) provides that an offense is a lesser included offense if "it differs from the
offense charged only in the respect that a less culpable mental state suffices to
establish its commission." Tex. Code Crim. Proc. Ann. art. 37.09(3). 

 Here, as modified in the indictment, assault on a public servant requires a
showing that appellant acted intentionally or knowingly. Deadly conduct requires
a showing that appellant acted with a reckless state of mind. As appellant contends,
a reckless mens rea is a less culpable mental state than an intentional or knowing
mens rea. See Bell v. State, 693 S.W.2d 434, 437-38 (Tex. Crim. App. 1985). 
However, for deadly conduct to be considered a lesser-included offense of assault of
a public servant on this basis under article 37.09, the differences in culpability must
be the only respect in which the offenses differ. See Tex. Code Crim. Proc. Ann. art.
37.09(3) (providing that offense is lesser-included offense if "it differs from the
offense charged only in the respect that a less culpable mental state suffices to
establish its commission").

 Here, as the State contends, the level of culpability is not the only manner in
which the offenses differ. The offenses also differ with respect to the degree of injury
or risk of injury that suffices to establish commission of each offense. Whereas
deadly conduct requires a showing involving "serious bodily injury," assault on a
public servant involves only "bodily injury." (1) In addition, the offenses differ in that
the charged offense requires proof that the complainant was a public servant, whereas
deadly conduct does not.

 We conclude that subsection (3) of article 37.09 is not applicable in this case.
Appellant has not argued on appeal that any other subsection of 37.09 applies.
Because appellant has not shown that deadly conduct is a lesser included offense of
aggravated assault based on any provision of article 37.09, he has not satisfied prong
one of the analysis. Because he has not satisfied prong one, we do not reach prong
two.

 Accordingly, we overrule appellant's second issue.








 

Conclusion


We affirm the trial court's judgment.


Laura Carter Higley

Justice


Panel consists of Justices Taft, Hanks, and Higley.


Do not publish. See Tex. R. App. P. 47.2(b).



1. "'Serious bodily injury' means bodily injury that creates a substantial risk of death or
that causes death, serious permanent disfigurement, or protracted loss or impairment
of the function of any bodily member or organ." Tex. Pen. Code Ann. § 1.07(a)(46)
(Vernon Supp. 2006). "'Bodily injury' means physical pain, illness, or any
impairment of physical condition." Id. at 1.07(a)(8).