COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| OSCAR QUINTANILLA, | § | No. 08-07-00220-CR |
|  | § |  |
| Appellant, | | Appeal from the |
|  | § | |
| V. | | 409th Judicial District Court |
|  | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
|  | § | |
| Appellee. | | (TC# 20030D04179) |
|  | § | |
|  | § | |

**O P I N I O N**

Oscar Quintanilla appeals his conviction for attempted sexual assault of a child. Appellant was sentenced by a jury to 2 years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. The trial court probated Appellant's sentence in favor of 2 years' of community supervision. He brings a single issue on appeal challenging the trial court's inclusion of a lesser-included offense instruction in its charge to the jury. We reverse and remand.

On June 1, 2003, Appellant went to his friend Julio Luera's house at approximately 2:50 a.m., after a party where he had been drinking. Appellant entered Mr. Luera's trailer home through a bedroom window and asked if he could stay there. Mr. Luera agreed, and Appellant laid down on the floor to sleep. A short time later, Appellant woke up and got up to use the bathroom. When he passed by the trailer's second bedroom door, he saw Mr. Luera's younger sister sleeping on the floor. Appellant entered the bedroom and laid down on the floor with

Mr. Luera's sister. The two kissed for a few minutes, and then Appellant pulled the girl's pajama pants down. Then Appellant pulled his own pants down to his knees. According to Appellant's statement, he placed his penis on her vagina, but did not penetrate. The encounter ended when the girl became concerned that someone would catch them. Appellant then pulled his pants back up and left the house.

Appellant went to his home, where he fell asleep until approximately 10:00 a.m. that next morning. Sheriff's deputies arrived at Appellant's house while he was eating breakfast. The officers took Appellant to Mr. Luera's house. Shortly thereafter, Appellant was placed under arrest and ultimately indicted for sexual assault of a child.

Appellant's case was tried to a jury. During the charge conference, the State requested the jury be instructed on the lesser-included offense of attempted sexual assault of a child. Defense counsel's objection to the lesser-included instruction was overruled. The jury returned a verdict finding Appellant guilty of the lesser-included offense of attempted sexual assault of a child.

Article 37.09 of the Texas Code of Criminal Procedure provides that an offense is a lesser include offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. TEX.CODE CRIM.PROC.ANN. art. 37.09(1) (Vernon 2006). Generally, the defendant, as the party seeking to limit his own criminal liability, is the party requesting a lesser-included charge pursuant to Article 37.09. *Ford v. State*, 38 S.W.3d 836, 840 (Tex.App.--Houston [14th Dist.] 2001, pet. ref'd). However, the State is equally entitled to seek a lesser-included offense instruction when it feels the proof has fallen short of proving the charged offense. *Ford*, 38 S.W.3d at 840, *citing Arevalo v. State*, 943

S.W.2d 887, 890 (Tex.Crim.App. 1997). Article 36.14 requires the trial judge to deliver to the jury a "written charge distinctly setting forth the law applicable to the case." *Delgado v. State*, 235 S.W.3d 244, 247 (Tex.Crim.App. 2007), *citing* TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon 2007). In discharging this duty, the trial court may *sua sponte* include a charge on a lesser-included offense. *See Delgado*, 235 S.W.3d at 249. Thus, a trial court is not restricted to submitting lesser-included offenses only when the defendant has properly requested them. *Ford*, 38 S.W.3d at 840. This is true even if the defendant objects to the submission of the instruction. *Id*.

An instruction on a lesser-included offense is proper when: (1) the lesser-included offense is included within the proof necessary to establish the offense charged; and (2) there is some evidence in the record that would permit a jury to rationally find that if the defendant is guilty, he is guilty only of the lesser offense. *Avila v. State*, 954 S.W.2d 830, 842 (Tex.App.-- El Paso 1997, pet. ref'd). In this case, both parties agree that the "attempt" offense, for which Appellant was convicted is included within the offense charged. Therefore, we need only consider the second prong.

In considering the second prong, the reviewing court considers the evidence presented at trial. *Hall v. State*, 225 S.W.3d 524, 536 (Tex.Crim.App. 2007). The evidence supports the submission of a lesser-included where there is more than a scintilla of evidence that either affirmatively refutes or negates an element of the greater offense, or the evidence on the issue is subject to two different interpretations, one of which negates or rebuts an element of the greater offense. *Ramirez v. State*, 976 S.W.2d 219, 227 (Tex.App.--El Paso 1998, pet. ref'd). It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather,

there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before a lesser-included instruction is warranted. *Hampton v. State*, 109 S.W.3d 437, 441 (Tex.Crim.App. 2003).

Texas Penal Code sec. 22.011(a)(2) defines the offense of sexual assault of a child as follows:

(a)     A person commits an offense if the person:

.          .          .

(2)     intentionally or knowingly:

(A)     causes the penetration of the anus or sexual organ of a child by any means;

(B)     causes the penetration of the mouth of a child by the sexual organ of the actor;

(C)     causes the sexual organ of the child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

(D)     causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or

(E)     causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.

TEX.PEN.CODE ANN. § 22.011(a)(2)(Vernon Supp. 2008).

Appellant was originally indicted for two counts of sexual assault of a child. Count One alleged an offense via the penetration of the victim's sexual organ by Appellant's sexual organ. Count Two accused the Appellant of intentionally and knowing causing his sexual organ to contact that of the victim. In the trial court's charge to the jury, "sexual assault of a child" was defined as follows:

A person commits **Sexual Assault of a Child** if the person intentionally or knowingly causes the sexual organ of the child to contact sexual organ of the actor or causes the sexual organ of a child to contact the sexual organ of another person, including the actor; and the child is younger than 17 years of age.

"Sexual contact" was defined for the jury as, "any touching by a person, of any part of the genitals of a child with the intent to arouse or gratify the sexual desire of any person." The charge also defined "criminal attempt" as follows:

[A] person commits an offense if, with the specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. It is no defense to prosecution for criminal attempt that the offense attempted was actually committed.

With regard to the specific offense charges against Appellant, the jury charge states:

Now if you find from the evidence beyond a reasonable doubt that on or about the 1st day of June 2003 in El Paso County, Texas [Appellant] did then and there intentionally or knowingly cause the sexual organ of [the victim], a child younger than 17 years of age, to contact the sexual organ of [Appellant], then you will find [Appellant], guilty of Sexual Assault of a Child as charged in the indictment.

Pursuant to the State's request, the jury was also instructed that they were to consider whether Appellant was guilty of the lesser-included offense of Attempted Sexual Assault of a Child if a reasonable doubt existed regarding Appellant's commission of the greater offense. The charge defined the lesser included offense as follows:

Now if you find from the evidence beyond a reasonable doubt that on or about the 1st day of June, 2003, in El Paso County, Texas [Appellant] did then and there with the specific intent to commit Sexual Assault of a Child, perform an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended, then you will find [Appellant], guilty of the offense of Criminal Attempted Sexual Assault of a Child.

Appellant argues, in essence, that the record contains no evidence of "attempt," and that if he could be found guilty of any crime it was only actual, sexual assault. The State responds by

asserting that Appellant's trial counsel elicited affirmative evidence of attempt during his cross-examination of the detective who took Appellant's statement. The State argues that the detective's responses regarding Appellant's statement that he pulled his pants down, and Appellant's failure to specify whether he also pulled down his boxer shorts could have lead the jury to infer that a layer of fabric prevented Appellant from completing the sexual assault. But this is an argument for the criminal act of penetration. As noted above, despite the language in Count One of the indictment, the jury was only instructed regarding Appellant's alleged sexual "contact" with the victim. There was no instruction regarding penetration.

Even if we were to assume that some affirmative evidence was raised by defense counsel's cross-examination of the detective, and that such evidence could have lead the jury to believe that Appellant was prevented from penetrating the victim by a layer of fabric this evidence does not negate or rebut the evidence that sexual contact did occur. For the same reason, the detective's testimony that Appellant told him, "I didn't penetrate this woman's vagina with my penis" does not negate or rebut evidence that Appellant's penis did contact the victim's sexual organ.

From the evidence presented at trial, we cannot conclude that a rational jury could properly determine that if Appellant was guilt of any crime, that crime was attempted sexual assault by contact. Therefore, the trial court erred in submitting the lesser-included offense instruction to the jury. Appellant's issue is sustained.

Having found error in the court's charge, and because the instruction was the subject of a timely objection by defense counsel, we will reverse and remand unless we can determine that the error did not harm the defendant. *See Warner v. State*, 245 S.W.3d 458, 462-63

(Tex.Crim.App. 2008). In this case, the addition of the "attempt" instruction allowed the jury to convict Appellant of a lesser-included offense after they concluded there was reasonable doubt as to Appellant's commission of sexual assault. Had the instruction not been included, Appellant may well have been acquitted of the offense. Therefore, we cannot conclude that Appellant was not harmed by the instruction. Accordingly, the case is remanded to the trial court for proceedings consistent with this opinion.


February 26, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J. (Not Participating)

(Do Not Publish)