Affirmed and Memorandum Opinion
filed October 29, 2009.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00334-CR



Michael Lynn
Bordelon, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the Crimal District Court

Jefferson County, Texas

Trial Court
Cause No. 97797



 

MEMORANDUM OPINION 

Appellant Michael Lynn Bordelon challenges the legal and
factual sufficiency of the evidence at a bench trial supporting his conviction
for deadly conduct.  We affirm.

I. 
Factual and Procedural Background

Appellant was charged by indictment with the felony
offense of deadly conduct, to which appellant pleaded “not guilty.”[1]  At a bench
trial, the State offered testimony from appellant’s former neighbor, Mark
Guarnere, the complainant.  Guarnere described his encounter with appellant on
May 15, 2006, in which he claimed that appellant fired a gun at him from across
the street as Guarnere was standing outside his home.  With the aid of a
diagram depicting the neighborhood, Guarnere described seeing a rifle fire from
the corner of appellant’s house.  Guarnere testified to hearing a “muzzle
blast” and testified that a bullet struck the windshield of his vehicle in his
driveway.  Guarnere recalled seeing appellant stand up and walk towards the
rear of appellant’s home after the shooting.  Guarnere explained that he
notified authorities, who arrived on the scene in response to the call.  

A law enforcement officer testified that he found a
pair of eye glasses and an unspent .22 shell casing on the ground and a cell
phone in the same vicinity beside appellant’s home, in the place from which the
shots were fired.  The cell phone displayed a picture of appellant and
appellant’s wife.  The officer remembered that the ground beside appellant’s
home appeared to have been cleared, as if someone had been lying on the
ground.  He recalled that there was an impression in the dirt from a person’s
elbow and that the person may have been in a prone position.  Another officer testified
that he examined the bullet hole in the vehicle’s windshield and recovered
bullet fragments from inside the vehicle.  The fragments appeared to be from a
.22 caliber bullet.  Both officers took photographs of the scene.

A third officer testified that he met with appellant two
days after the event.  At this meeting, the officer advised appellant that he
was a suspect in the case and read appellant his rights.  At the meeting,
appellant claimed to be unaware of the incident and denied having heard a rifle
shot that night.  Although appellant initially denied owning the cell phone
that was recovered at the scene, he later admitted the phone belonged to him. 
According to the officer, appellant had no explanation as to why his eye glasses
and cell phone were recovered from outside of the rear corner of his home.  The
officer testified that appellant admitted owning a .22 caliber rifle, which the
officer took into custody as part of the investigation.  The rifle was admitted
into evidence at trial along with the bullet fragments and the photos of the
scene.  

Appellant’s wife and family members testified that
appellant and Guarnere had a history of disputes.  They testified that
appellant moved from the neighborhood several months following the event in
question on the advice of appellant’s attorney.  

The trial court found appellant guilty as charged. 
After reviewing a presentence investigation report, the trial court sentenced
appellant to five years’ confinement.

II.  Analysis

In a single issue, appellant claims reversible error
occurred when the trial court found appellant guilty because no evidence
supports the judgment.  According to appellant, the evidence failed to prove
that he was guilty of the charge of deadly conduct.[2]  We
construe appellant’s complaint as a challenge to the legal and factual
sufficiency of the evidence.

In evaluating the legal sufficiency of the evidence,
we view the evidence in the light most favorable to the verdict.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal
is not whether we, as a court, believe the State’s evidence or believe that
appellant=s evidence
outweighs the State’s evidence.  Wicker v. State, 667 S.W.2d 137, 143
(Tex. Crim. App. 1984).  The verdict may not be overturned unless it is
irrational or unsupported by proof beyond a reasonable doubt.  Matson v.
State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The jury, as the trier
of fact, “is the sole judge of the credibility of the witnesses and of the strength
of the evidence.”  Fuentes v. State, 991 S.W.2d 267, 271 (Tex.
Crim. App. 1999).  The jury may choose to believe or disbelieve any portion of
the witnesses’ testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  When faced with conflicting evidence, we presume the trier
of fact resolved conflicts in favor of the prevailing party.  Turro v. State,
867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim.
App. 1997).

In contrast, when evaluating a challenge to the
factual sufficiency of the evidence, we view all the evidence in a neutral
light and inquire whether we are able to say, with some objective basis in the
record, that a conviction is “clearly wrong” or “manifestly unjust” because the
great weight and preponderance of the evidence contradicts the jury’s verdict. 
Watson v. State, 204 S.W.3d 404, 414B17
(Tex. Crim. App. 2006).  It is not enough that this court harbor a subjective
level of reasonable doubt to overturn a conviction that is founded on legally
sufficient evidence, and this court cannot declare that a conflict in the
evidence justifies a new trial simply because it disagrees with the jury’s
resolution of that conflict.  Id. at 417.  If this court determines the
evidence is factually insufficient, it must explain in exactly what way it
perceives the conflicting evidence greatly to preponderate against conviction. 
Id. at 414B17. 
Our evaluation should not intrude upon the fact finder’s role as the sole judge
of the weight and credibility given to any witness’s testimony.  See Fuentes,
991 S.W.2d at 271.  In conducting a factual‑sufficiency review, we
discuss the evidence appellant claims is most important in allegedly
undermining the jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).

A person commits the offense of deadly conduct if
that person knowingly discharges a firearm at or in the direction of a
habitation, building, or vehicle and is reckless as to whether the habitation,
building, or vehicle is occupied.  See Tex.
Penal Code Ann. § 22.05(b)(2) (Vernon 2003).  Recklessness and danger
are presumed if the actor knowingly pointed a firearm at or in the direction of
another whether or not the actor believed the firearm to be loaded.  Tex. Penal Code Ann. § 22.05(c) (Vernon
2003).  

The record reflects that Guarnere was standing
outside of his home when he saw a rifle fire from the corner of appellant’s
house across the street.  He heard the bullet hit and testified that the bullet
struck the windshield of his vehicle, which was in his driveway at the time.  He
claimed to have seen appellant stand up and walk behind his house after the
shots were fired.  The record reflects that law enforcement officers found
appellant’s eye glasses, a cell phone belonging to appellant, and a .22 caliber
shell on the ground at the corner of appellant’s home, where Guarnere saw
appellant.  It appeared to officers that someone had been lying on the ground in
the same location from which the shots were fired.  Officers recovered bullet
fragments from inside Guarnere’s vehicle that appeared to be from a .22 caliber
bullet.  Officers took a .22 caliber rifle from appellant, who admitted owning
the cell phone located at the scene.  Although appellant asserts that Guarnere offered
“false complaints and testimony,” the trial court, as factfinder, was in a position
to weigh the credibility of the witnesses as well as the testimony regarding
the physical evidence.  See Kacz v. State, 287 S.W.3d 497, 508 (Tex.
App.—Houston [14th Dist.] 2009, no pet.) (determining that evidence was
factually sufficient to support a conviction for deadly conduct despite claims
that the complainant lied to police). 

Having reviewed the evidence in the light most
favorable to the verdict, we conclude that a rational trier of fact could have
found the elements of deadly conduct beyond a reasonable doubt.  See Ford v.
State, 38 S.W.3d 836, 847 (Tex. App.—Houston [14th Dist.] 2001, pet.
ref’d) (determining evidence was legally and factually sufficient to support
conviction of deadly conduct).  Likewise, viewing the evidence in a neutral
light, we are not able to say with some objective basis in the record that
appellant’s conviction is clearly wrong or manifestly unjust because the great
weight and preponderance of the evidence contradicts the jury’s verdict.  See
Kacz, 287 S.W.3d at 508.  Therefore, the evidence is legally and
factually sufficient to support the verdict.  

 

Accordingly, we overrule appellant’s sole issue on
appeal and affirm the trial court’s judgment.

 








                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Frost.

Do
Not Publish C Tex. 
R.  App.  P.  47.2(b).









[1]
Appellant also was charged, in other cause numbers, with the offenses of theft
and retaliation.  Appellant pleaded “guilty” to the theft charges and “not
guilty” to the retaliation charge.  Following a separate bench trial on the
retaliation charge, the trial court found appellant not guilty of that
offense.  Appellant does not raise any issues pertaining to these offenses.





[2]
This appeal was transferred to the Fourteenth Court of Appeals from the Ninth
Court of Appeals.  In cases transferred by the Supreme Court of Texas from one
court of appeals to another, the transferee court must decide the case in
accordance with the precedent of the transferor court if the transferee court’s
decision would have been inconsistent with the precedent of the transferor court. 
See Tex. R. App. P. 41.3.