**AFFIRM; Opinion Filed November 27, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00883-CR

### JOHN JERONTON POGUE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 439th Judicial District Court
### Rockwall County, Texas
### Trial Court Cause No. 2-11-436

## OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Myers

Appellant John Jeronton Pogue was convicted of aggravated assault with a deadly weapon and sentenced to ten years in prison.[1] In two issues, he argues the trial court erred by not submitting the lesser-included offense of deadly conduct in the jury charge, and that the evidence is legally insufficient to support a conviction for aggravated assault with a deadly weapon. We affirm.

### BACKGROUND

Paul White owned a lawn mower repair shop in Rockwall, Texas. On June 26, 2011, at around 4:00 p.m., he arrived at his shop to find an unknown vehicle parked in the driveway of his childhood home, which was located on the same property. The house—condemned by the

---

[1] The appeals in the two companion cases, 05–12–00884–CR (burglary) and 05–12–00885–CR (evading arrest or detention with a motor vehicle), were dismissed by this Court on March 20, 2013, pursuant to appellant's motion to dismiss. *See Pogue v. State*, Nos. 05–12–00884–CR & 05–12–00885–CR, 2013 WL 1275076 (Tex. App.—Dallas March 20, 2013, no pet.) (per curiam) (mem. op., not designated for publication).

City and vacant at the time of these events—still contained some of the family's possessions. White asked his parents, who lived in a nearby travel trailer and sold fireworks from a stand located on the end of the property, "if someone was supposed to be there." They did not know who had parked the vehicle.

After pulling into the driveway behind the vehicle, White noticed two black males, one of whom was later identified as appellant, coming out of the front door of the house. Each of them had a bag in his hand. They put one of the bags in the backseat of the car and another in the trunk. When asked, the two individuals told White they were on the property "to buy some puppies from someone." White told them there were no dogs for sale on the property and that they were "in the wrong place." He said, "[Y]ou need to get out of here."

White got back in his car and backed out of the driveway. Having entered their vehicle, the two men exited the driveway, passing directly in front of White's vehicle. In addition to the two men who got in the vehicle, White saw a third person in the back seat. White followed the vehicle as it turned onto Highway 276.

The vehicle headed eastbound on 276, passing cars in the wrong lane and accelerating to speeds of sixty or seventy miles per hour. When the vehicle turned off of 276 onto Blackland Road, White, who had been on the phone with his wife and his mother, called 911. White continued following the vehicle down Blackland Road at speeds "[c]lose to 90" miles per hour. When it reached the service road of Interstate 30, the vehicle turned right onto the service road and headed east, where a waiting Rockwall County Sheriff's Department vehicle, driven by Deputy Brian Earles, took over the pursuit.

As Earles began pursuing the vehicle, a second officer attempted to stop it by blocking the roadway. The vehicle briefly slowed down to go around the second officer's car. As it did so, a woman jumped out of the driver's side passenger door. The vehicle continued down the

service road of Interstate 30, reaching a speed of approximately ninety miles per hour and weaving in between the lanes on the service road. Earles continued to pursue the vehicle as it approached the intersection of the service road and FM 548, ran through a stop sign, turned left onto FM 548, then attempted to turn left onto the service road and proceed west on Interstate 30.

At the same time, Jennifer Nicholson was driving home on FM 548 after visiting her grandmother earlier in the day. She was in the "yield lane" about to turn right onto the service road to westbound Interstate 30 when she heard approaching sirens. She stopped, looked around, and saw a vehicle coming towards her. The vehicle jumped over the median and hit Nicholson's car, pushing it into a ditch. After failing to navigate the turn onto the service road, the vehicle struck a concrete pillar underneath the bridge on Interstate 30 before continuing southbound on FM 548. The chase continued at very high speeds back onto Highway 276, where the vehicle was stopped by the use of road spikes. Nicholson was taken by ambulance to a nearby hospital, treated for injuries, and released that same day.

## DISCUSSION

### *Jury Charge*

In his first issue, appellant argues the trial court erred by refusing appellant's request to instruct the jury in the guilt-innocence charge on the lesser-included offense of deadly conduct.

Our first duty in analyzing a jury charge issue is to decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). If we find error, we analyze that error for harm. *Id.* The degree of harm necessary for reversal depends on whether the appellant preserved the error by objection. *Id.* If error occurred and appellant objected at trial, we determine whether the error was "calculated to injure" the appellant's rights, which means there must be "some harm" to the accused resulting from the error. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (citing *Almanza v. State*, 686 S.W.2d at 157, 171 (Tex. Crim. App.

1985)).

To determine whether the lesser-included offense instruction requested by appellant should have been given, we follow a two-step analysis. *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981) (plurality op. on reh'g). The first step asks whether the lesser-included offense is included within the proof necessary to establish the offense charged. *McKithan v. State*, 324 S.W.3d 582, 587 (Tex. Crim. App. 2010). We compare the statutory elements and any descriptive averments in the indictment for the greater offense with the statutory elements of the lesser-included offense. *Ex parte Amador*, 326 S.W.3d 202, 206 n.5 (Tex. Crim. App. 2010); *Ex parte Watson*, 306 S.W.3d 259, 263 (Tex. Crim. App. 2009); *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 37.09. This step is a question of law. *Hall*, 225 S.W.3d at 535.

The second step requires us to consider whether evidence in the record would permit a jury to rationally find appellant was guilty of only deadly conduct and not aggravated assault. *See Guzman v. State*, 188 S.W.3d 185, 188–89 (Tex. Crim. App. 2006); *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005). The evidence must establish the lesser-included offense as "a valid rational alternative to the charged offense." *Segundo v. State*, 270 S.W.3d 79, 91 (Tex. Crim. App. 2008); *see also Rice v. State*, 333 S.W.3d 140, 146 (Tex. Crim. App. 2011). We review all of the evidence presented at trial. *Hayward v. State*, 158 S.W.3d 476, 478–79 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 673. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser-included offense charge. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). In determining whether the evidence raises the requested lesser-included offense, we do not consider the credibility of the evidence or whether it conflicts with other evidence. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992).

In this case, only the second step of the analysis is in dispute. The indictment, which charged appellant with aggravated assault with a deadly weapon, alleged that, on or about June 26, 2011, he:

> did then and there intentionally, knowingly, or recklessly cause bodily injury to Jennifer Nicholson by striking the vehicle she was in with the defendant's vehicle, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a motor vehicle, during the commission of said assault. . . .

To prove appellant committed this offense as alleged in the indictment, the evidence would have to show he (1) intentionally, knowingly, or recklessly caused bodily injury to the complainant, Jennifer Nicholson, by striking her vehicle with his vehicle, and (2) that appellant used or exhibited a deadly weapon, a motor vehicle, during the assault. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1); 22.02(a)(2). The trial court denied appellant's request for an instruction on deadly conduct, which the Texas Penal Code defines in part as: "A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury." *See id*. § 22.05(a).

It is well-settled that deadly conduct is a lesser-included offense of aggravated assault as it is charged in this case. *See Guzman v. State*, 188 S.W.3d 185, 190–92 (Tex. Crim. App. 2006) (recklessness is the culpable mental state for both aggravated assault and deadly conduct); *Whitfield v. State*, 408 S.W.3d 709, 718 (Tex. App.—Eastland 2013, no pet.) ("[b]ecause both offenses require recklessness and because the use of a deadly weapon in committing assault places the victim in imminent danger of serious bodily injury, the offense of deadly conduct is established by proof of the same or less than all the facts that prove aggravated assault."); *Ford v. State*, 38 S.W.3d 836, 845 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (deadly conduct can be a lesser-included offense of aggravated assault because "one who causes bodily injury with a deadly weapon necessarily places the complainant in imminent danger of serious bodily injury"); *see also Warden v. State*, No. 13–09–00116–CR, 2010 WL 3596861, at *9 (Tex. App.

–5–

—Corpus Christi Sept. 16, 2010) (mem. op., not designated for publication) (citing *Guzman*), *pet. ref'd*, 2011 WL 1157562 (Tex. Crim. App. Feb. 9, 2011); *Hendrix v. State*, Nos. 05–06–00552 & 05–06–00553–CR, 2007 WL 2110346, at *4 (Tex. App.—Dallas July 24, 2007, pet. ref'd) (not designated for publication) (citing *Guzman* and *Ford*). The State agrees that deadly conduct is a lesser-included offense. The first part of the analysis is, therefore, satisfied.

Turning to the second step, we must examine whether some evidence would permit a rational jury to find appellant guilty of only the lesser-included offense and not the charged offense. As to deadly conduct, in order for appellant to be entitled to an instruction on that offense, the record would have to contain some evidence that would allow a jury to find he recklessly engaged in conduct that placed the complainant in imminent danger of serious bodily injury without finding appellant intentionally, knowingly, or recklessly caused bodily injury to the complainant while using or exhibiting a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a)(2), 22.05(a). Given the facts of this case, the only means by which appellant could have placed the complainant in imminent danger of serious bodily injury was through the use of the motor vehicle as a deadly weapon.

Appellant did not testify at trial or otherwise offer evidence that, if guilty, he was guilty of only deadly conduct. Appellant, however, contends Deputy Earles's testimony that appellant was operating his vehicle in a "reckless manner" would permit a jury to rationally find appellant guilty only of deadly conduct and not aggravated assault. In addition to Earles's testimony, appellant also cites State's exhibit 12, the in-car police video of the car chase, and notes that it shows appellant slowing down before making the turn and striking the complainant's vehicle. Appellant argues that because he slowed down, a rational person could conclude from this evidence he "did not intentionally or knowingly assault Ms. Nicholson, but instead engaged in conduct that placed her in imminent danger of serious bodily injury."

Neither argument is persuasive. To begin with, Earles's characterization of appellant's driving as "reckless" does not preclude a finding that he "intentionally, knowingly, or recklessly cause[d] bodily injury to Jennifer Nicholson" by striking her vehicle with his vehicle. As we noted earlier, "recklessness" is a culpable mental state for both deadly conduct and aggravated assault. In other words, since aggravated assault and deadly conduct share the same culpable mental state, recklessness, evidence appellant was driving recklessly is applicable to both offenses and, as a result, does not support the commission of one offense while excluding the other. *See, e.g., Guzman*, 188 S.W.3d at 190–92. In addition, appellant does not dispute that his actions were reckless—that he had a reckless state of mind. Thus, one of the three mental states for aggravated assault is satisfied. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1); 22.02(a)(2); *Guzman*, 188 S.W.3d at 190–92. Furthermore, undisputed evidence shows appellant's conduct resulted in bodily injury to the complainant. The evidence, therefore, establishes the offense of aggravated assault with a deadly weapon as charged in the indictment. It follows, then, that there is no evidence in this record that would permit a jury to rationally find that if appellant is guilty, he is guilty *only* of deadly conduct and not aggravated assault. *See Guzman*, 188 S.W.3d at 194 (appellant convicted of attempted murder not entitled to instruction on deadly conduct when he admitted he had a reckless state of mind and his conduct resulted in serious bodily injury; testimony established offense of aggravated assault and a jury could not rationally find him guilty only of deadly conduct). Accordingly, the trial court did not err by refusing to submit a charge on the lesser-included offense of deadly conduct.[2] Appellant's first issue is overruled.

---

[2] Having concluded there was no error in the trial court's denial of appellant's requested charge issue, we need not address whether the trial court's denial was harmful. *See Almanza*, 686 S.W.2d at 171.

*Sufficiency*

In his second issue, appellant argues the evidence is legally insufficient to support a conviction for aggravated assault with a deadly weapon.

When an appellant challenges the sufficiency of the evidence to support a conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id*. We presume the jury resolved all conflicts in the evidence in favor of their verdict. *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). This standard is the same for both direct and circumstantial evidence. *Id*. In conducting a sufficiency review, we defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012).

In the instant case, the evidence shows appellant operated his vehicle at speeds reaching ninety miles per hour while fleeing from law enforcement officers and that, during the chase, he ran a stop sign, failed to navigate a turn, and struck Nicholson's vehicle. It is undisputed that Jennifer Nicholson suffered bodily injury when appellant struck her vehicle with his vehicle. Viewing the evidence in this case under the appropriate standard, the jury could have found appellant's vehicle was, in the manner of its use, a deadly weapon. *See Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005) ("A motor vehicle may become a deadly weapon if the manner of its use is capable of causing death or serious bodily injury. Specific intent to use a motor vehicle as a deadly weapon is not required.") (citations omitted).

Appellant argues there is no evidence he knowingly or intentionally assaulted Nicholson.

But this argument ignores the fact that there is legally sufficient evidence for the jury to convict appellant of aggravated assault with a deadly weapon based on a *reckless* mental state. *See* TEX. PENAL CODE ANN. 22.01(a)(1), 22.02(a)(2). Given the evidence in this case, a reasonable juror could have found that by operating his vehicle at speeds approaching ninety miles per hour while being chased by sheriff's deputies, repeatedly driving into oncoming lanes of traffic, and ignoring traffic control devices, appellant was aware of but consciously disregarded the risk of his conduct. *See id.* § 6.03(c) (a person acts recklessly with respect to the result of his conduct "when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur.").

Appellant also argues that Nicholson's vehicle failed to yield at a traffic control device and that "[h]er failure to yield was a cause of the accident." Yet, this argument overlooks the fact that Nicholson testified she heard the sirens and was stopped at the time of the collision. State's exhibit 12 shows her car moving slowly in anticipation of entering the lane of traffic. Although the video briefly cuts away before the impact, the jury could have reasonably concluded Nicholson was yielding and behind the concrete median and not in the traffic lane at the time appellant's vehicle collided with her vehicle. It was the jury's role as the fact-finder to assess the credibility and demeanor of the witnesses and determine the weight of the evidence. *See Merritt*, 368 S.W.3d at 525. The evidence, then, is legally sufficient to support the conviction. We overrule appellant's second issue.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120883F.U05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN JERONTON POGUE, Appellant

No. 05-12-00883-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial District
Court, Rockwall County, Texas
Trial Court Cause No. 2-11-436.
Opinion delivered by Justice Myers.
Justices FitzGerald and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of November, 2013.


/Lana Myers/
LANA MYERS
JUSTICE