**Opinion issued June 10, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00361-CR**

———————————

**JOSHUA EDWARD WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1358724**

---

**MEMORANDUM OPINION**

Joshua Edward Williams was convicted by a jury of aggravated assault of a

public servant with a deadly weapon.[1] The trial court sentenced Williams to 68

---

[1] TEX. PENAL CODE ANN. §§ 22.02(a)(2), (b)(2)(A) (West 2011) (criminalizing using or exhibiting deadly weapon during commission of assault against person known to be public servant lawfully discharging an official duty).

years' confinement. In two issues, Williams contends that the trial court erred by (1) refusing to submit a lesser-included offense instruction to the jury and (2) admitting evidence of a prior conviction. We affirm.

## Background

Late one evening, police received an emergency phone call reporting that three men wearing hooded sweatshirts were attempting to burglarize a home in north Houston. According to the emergency phone call, one man wore a mask and another carried a gun. Houston Police Officers M. Enriquez and A. Newman responded to the call, arriving at the scene in a marked patrol car. Enriquez and Newman testified that as they neared the house, they saw a black BMW drive away from the house "at a high rate of speed." Enriquez and Newman chased the BMW. The BMW driver eventually turned off the car's lights and slowed to a stop. Two men jumped out of the driver's side of the car, and Williams jumped out of the passenger side of the car. Enriquez ran after the men who escaped from the driver's side while Newman chased Williams. The driver of the BMW, who had remained in the car, drove directly at Newman and hit him before Newman could catch up with Williams. Enriquez testified that when he heard the collision he returned to check on Newman. After confirming that Newman did not have any major injuries, Enriquez ran after Williams. During the chase, Williams turned and began to shoot at Enriquez. Enriquez returned fire, and one of his shots hit Williams in the leg.

2

Enriquez "saw a gun fly away" from Williams's body. In total, Williams fired nine shots and Enriquez fired five shots. Enriquez testified that he feared for his life.

Once Williams was caught, the police searched him and found a black ski mask in his pocket. He also had a gunshot wound in his leg. Williams was charged with aggravated assault of a public servant with a deadly weapon.

The trial court presented the parties with a draft jury charge during presentation of the evidence in the guilt phase of trial. When the trial court asked whether he had any objections, Williams requested that the trial court instruct the jury on the "lesser included [offense] of deadly conduct relying upon the *Isaac* case and the *Ford* case, both out of the 14th Court of Appeals." *See Isaac v. State*, 167 S.W.3d 469 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd); *Ford v. State*, 38 S.W.3d 836, 842–45 & n.7 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). But the trial court did not rule on Williams's request. At the formal charge conference, the trial court asked whether either party objected to the proposed jury charge, which did not include an instruction on a lesser-included offense. In response, the following exchange occurred between the trial court and Williams's attorney.

| | |
|---|---|
| Defense Counsel: | We would at this time request the lesser-included offense of deadly conduct misdemeanor a third-degree felony level. |
| Trial court: | And just so that we're clear, we did have a conversation off the record just informally |

3

discussing whether or not, first, the felony offense of deadly conduct is, in fact, a lesser-included offense of the charged offense of aggravated assault of a public servant. And for, I guess, purposes of the record, I have had an opportunity to review several cases that were submitted by both sides. I believe the Defense submitted two cases earlier *Isaac v. State*, which is cited at 167 S.W.3d 469 and also *Ford v. State*, which is cited at 38 S.W.3d 836. Is there anything that you want me to discuss on the record, Mr. Bynum, regarding those two cases?

Defense Counsel: There's not, Judge.

Trial Court: Do you, based on your review of those cases, could you, I guess, establish for the Court why you believe felony deadly conduct is a lesser, felony deadly conduct under Section 22.05, I assume it would be (b)(1) is a lesser-included offense of aggravated assault of a public servant?

Defense Counsel: Judge, our position is going to be pretty, you know, threadbare in the sense that we just believe that the elements line up that there are additional elements and that the differences are not enough to deny the Defendant an opportunity to be assessed at the lower punishment levels is all.

Trial Court: And just looking at, actually looking at the indictment, it appears that the Defendant has been charged with using and exhibiting a deadly weapon. So it alleges he unlawfully, intentionally and knowingly threatened with imminent bodily injury the complaining witness, while the complaining witness was

4

lawfully discharging an official duty by using and exhibiting a deadly weapon, namely, a firearm, knowing the Complainant was a public servant. And what's the State's position?

In response, the State relied on *Schreyer v. State*, No. 05–03–01127–CR, 2005 WL 1793193 (Tex. App.—Dallas 2005, pet. ref'd) to support its contention that the third-degree felony offense of deadly conduct was not a lesser-included offense of aggravated assault of a public servant as charged. *Compare* TEX. PENAL CODE ANN. § 22.05(b)(1), (e) (West 2011) (defining third-degree offense of deadly conduct), *with* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011) (defining aggravated assault of public servant); *see Schreyer*, 2005 WL 1793193, at *7–8 (distinguishing aggravated assault from felony deadly conduct and concluding that "the statutory elements of deadly conduct would not necessarily be established by proof of the same or less than all the facts required to establish the commission of aggravated assault of a public servant as charged.") (citations omitted).

The trial court ruled that the third-degree felony offense of deadly conduct is not a lesser-included offense of aggravated assault of a public servant. The trial court did not, however, rule on whether the misdemeanor offense of deadly conduct was a lesser-included offense. Neither offense was included in the jury charge. The jury found Williams guilty of aggravated assault of public servant.

Before any evidence was offered in the punishment phase, Williams objected to the admissibility of a prior aggravated robbery conviction. But the trial court did not rule on his objection and instead instructed Williams to object at "an appropriate time." Williams agreed to wait to object until the State offered the objectionable evidence. But when the State offered witness testimony regarding that offense, Williams did not object. The jury assessed punishment at 68 years' confinement.

Williams timely appealed.

### Jury Instruction

In his first issue, Williams contends that the trial court erred by not charging the jury on the lesser-included misdemeanor offense of deadly conduct. The State acknowledges that Williams orally requested an instruction regarding the possible inclusion of the third-degree felony offense of deadly conduct but contends that Williams did not make a "clear and specific" request for an instruction on misdemeanor deadly conduct or "present [a] proposed instruction in writing, or dictate it into the record." Accordingly, the State contends that Williams waived his right to raise the issue on appeal.

#### A. Standard of review

The Texas Code of Criminal Procedure states that "in a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of

6

the greater offense, but guilty of any lesser included offense." TEX. CODE CRIM.

PROC. ANN. art. 37.08 (West 2006). A lesser-included offense is one that

> (1) is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

> (2) differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

> (3) differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

> (4) consists of an attempt to commit the offense charged or an otherwise included offense.

*Id*. art. 37.09 (West 2006).

A trial court has a duty and responsibility to instruct the jury on "the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007) Lesser-included offenses, however, are not considered law applicable to the case; they are defensive issues, which "frequently depend upon trial strategy and tactics." *Tolbert v. State*, 306 S.W.3d 776, 780 (Tex. Crim. App. 2010) (citing *Delgado v. State*, 235 S.W.3d 244, 249–50 (Tex. Crim. App. 2007)). A trial court has a duty to instruct the jury on lesser-included offenses only if a party has made the proper request. *See Tolbert*, 306 S.W.3d at 779–80 (noting that trial courts are "not statutorily required to *sua sponte* instruct" jury on lesser-included offenses); *cf. Ford*, 38 S.W.3d at 840 (stating trial court may sua sponte instruct jury on lesser-included offenses, but is not statutorily required to do so).

We review a trial court's decision not to include a requested instruction on a lesser-included offense for an abuse of discretion. *Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000). We must uphold a trial court's judgment unless it lies outside of the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

**B.    Waiver**

We first address the State's contention that Williams waived his right to complain on appeal that the jury was not instructed on the lesser-included offense of misdemeanor deadly conduct.

The Texas Code of Criminal Procedure states that defendants may preserve jury charge error by either (1) objecting to an error in the jury charge and obtaining a ruling on the objection or (2) requesting a special instruction in the charge either in writing or on the record. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *Id*. art. 36.15 (West 2006).

A defendant preserves error under article 36.15 if he has requested special instructions in the charge and the court denies incorporation of the requested instruction or modifies the charge without responding to a pending request. *See Frank v. State*, 688 S.W.2d 863 (Tex. Crim. App. 1985) (holding presentation of special requested instruction and trial court's subsequent denial of requested

instruction were sufficient to preserve error under 36.15); *Ford*, 38 S.W.3d at 841 (same).

To preserve error under section 36.15, the moving party must state the legal basis for the objection or request with sufficient specificity to draw the court's attention to the complaint the defendant raises on appeal. *See* TEX. R. APP. P. 33.1 (stating that to preserve record party must show that "complaint was made by a timely request, objection, or motion . . . with sufficient specificity to make the trial court aware of the complaint"); TEX. CODE CRIM. PROC. ANN. art. 36.15; *see Starks v. State,* 127 S.W.3d 127, 133 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (citing *Rezac v. State,* 782 S.W.2d 869, 870 (Tex. Crim. App. 1990), and *Little v. State,* 758 S.W.2d 551, 564 (Tex. Crim. App. 1988)). An objection is sufficient if the record indicates that the trial judge understood the matters about which appellant complains on appeal. *Chapman v. State,* 921 S.W.2d 694, 695 (Tex. Crim. App. 1996) (holding requested charge need not be "in perfect form"); *Carmen v. State,* 276 S.W.3d 538, 541 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) ("'Magic words' are not required; a complaint will be preserved if the substance of the complaint is conveyed to the trial judge." (quoting *Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007))).

When a statute states more than one way in which an offense may be committed, "[a]n allegation that an offense has been committed in one way may

include a lesser offense, while an allegation that an offense [has been] committed in another way would not include the lesser offense." *Bell v. State*, 693 S.W.2d 434, 436 & n.3 (Tex. Crim. App. 1985) (citing *Martinez v. State*, 599 S.W.2d 622 (Tex. Crim. App. 1980)); *see also Ford*, 38 S.W.3d at 845 & n.7 (distinguishing cases holding that deadly conduct by threat is lesser-included offense of aggravated assault and concluding that "the offense of deadly conduct could be established by the same or less proof than that needed to establish aggravated assault by causing bodily injury."). Because a greater offense and a lesser offense may be committed in more than one way, reviewing courts must analyze each case to determine whether the lesser offense may be proved by the evidence. *Bell*, 693 S.W.2d at 436.

Williams argues that he preserved error because he "specifically requested instructions on the lesser-included charges of misdemeanor and felony" deadly conduct.[2] Specifically, Williams argues that the trial court should have instructed the jury on the lesser-included offense of misdemeanor deadly conduct. Williams does not contend that he presented the trial court with a written proposed special instruction, or that he dictated a proposed instruction into the record. Accordingly,

---

[2]     Williams concedes that the trial court correctly determined that third-degree felony deadly conduct is not a lesser-included offense of aggravated assault of a public servant.

we confine our analysis to whether Williams preserved error by objecting to the proposed charge. *See* TEX. CODE CRIM. PROC. ANN. art. 36.15.

In raising his objection to the proposed jury instruction, Williams did not clearly request an instruction regarding the misdemeanor offense of deadly conduct. The colloquy between the trial court and both parties indicates that the trial court appeared to understand that Williams had requested only an instruction on the lesser-included offense of third-degree felony deadly conduct. This is evidenced by the trial court's explicit reference to case law and the elements of that offense. *See* TEX. PENAL CODE ANN. § 22.05(b)(1), (e) (defining third-degree felony offense of deadly conduct). Williams did not inform the court that he was referring to two separate lesser-included offenses—he used the word "offense" in the singular. The trial court responded by referring three times to only felony deadly conduct, without ever mentioning misdemeanor conduct or referring to section 22.05(a). *See* TEX. PENAL CODE ANN. § 22.05(a) (defining misdemeanor offense of deadly conduct). Save Williams's one reference to the word "misdemeanor," when requesting an instruction on "deadly conduct misdemeanor a third-degree felony level" the record does not show that Williams made any attempt to specifically request an instruction on 22.05(a) misdemeanor deadly conduct as a lesser-included offense. *See* TEX. PENAL CODE ANN. § 22.05(a).

11

Lastly, when the trial court asked Williams whether there was "[a]nything further on the requested instruction from the defense?" Williams twice responded "no."[3]

We conclude that Williams failed to object to the absence of an instruction on misdemeanor deadly conduct and, therefore, failed to preserve error on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 36.15; *see Vasquez v. State*, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996).

Accordingly, we overrule Williams's first issue.

## Extraneous Offense

In his second issue, Williams contends that the trial court erred by admitting evidence of a prior conviction for aggravated robbery "in the absence [of] any proffer by the State or threshold inquiry by the trial court." The State responds that Williams failed to preserve error regarding the adequacy of the State's proffer and the trial court's ruling that the evidence was admissible.

---

[3]     Furthermore, even assuming the evidence would have supported an instruction on a lesser-included offense, the trial court did not have a sua sponte duty to instruct the jury on that offense if the defendant failed to request an instruction or objection to the omission of the instruction. *See Delgado v. State*, 235 S.W.3d 244, 249–50 (Tex. Crim. App. 2007) (holding trial court does not have "*sua sponte* duty to instruct the jury on all potential defensive issues, lesser-included offenses, or evidentiary issues. These are issues that frequently depend upon trial strategy and tactics."); *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998) (holding that defensive issue is not law applicable to case for purposes of Texas Code of Criminal Procedure article 36.14) (citation omitted).

## A. Standard of review

We review a trial court's evidentiary rulings for an abuse of discretion. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); *Walker v. State*, 321 S.W.3d 18, 22 (Tex. App.—Houston [1st Dist.] 2009, pet. dism'd). We will uphold a trial court's decision unless it falls outside of the "zone of reasonable disagreement." *Oprean*, 201 S.W.3d at 726; *Walker*, 321 S.W.3d at 22. And we will uphold a trial court's evidentiary ruling if it is correct on any theory of law applicable to that ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

## B. Waiver

Article 37.07 of the Texas Code of Criminal Procedure establishes the admissibility of evidence during the punishment phase of trial. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 (West Supp. 2013); *Henderson v. State*, 29 S.W.3d 616, 626 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Subsection 3 of Article 37.07 provides that the State may offer "evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act." TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1). This evidence is, however, subject to exclusion under Texas Rule of Evidence 403. *Lamb v. State*, 186 S.W.3d

13

136, 141–43 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing TEX. R. EVID. 403). Rule 403 states that relevant evidence may be excluded when the probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." TEX. R. EVID. 403.

If a party objects to the admissibility of evidence under Rule 403, the trial court must balance the probative value of the evidence against its possible prejudicial effect before ruling on its admissibility. *Montgomery v. State*, 810 S.W.2d 372, 388–90 (Tex. Crim. App. 1990); *Burke v. State*, 371 S.W.3d 252, 257–58 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (weighing probative value against potential prejudice of evidence and upholding admissibility of extraneous act). To preserve error, the complaining party must state the legal basis for the objection with sufficient specificity to draw the court's attention to the complaint the defendant raises on appeal. *See* TEX. R. APP. P. 33.1; *Starks,* 127 S.W.3d at 133 (*citing Rezac v. State,* 782 S.W.2d 869, 870 (Tex. Crim. App. 1990), and *Little v. State,* 758 S.W.2d 551, 564 (Tex. Crim. App. 1988)).

We first address Williams's complaint that trial court failed to conduct a Rule 403 balancing analysis before admitting evidence of Williams's prior aggravated robbery conviction. At the beginning of the punishment hearing, before any testimony was offered, Williams conceded that "the facts of the aggravated robbery [conviction] were admissible." But Williams made a motion in limine

14

asking that the State not be permitted to offer any evidence that the complainant in the aggravated robbery was employed as a police officer. *See* TEX. R. EVID. 403. The trial court stated that it would permit the State to elicit testimony that the complainant was an off-duty police officer at the time of the offense. Williams responded, arguing that the probative value of the evidence was outweighed by its potential prejudicial effect and requested that the trial court issue a limiting instruction to the jury "anytime that it's mentioned that [the complainant is] a police officer" that "they may not consider the extraneous offense or bad act of aggravated assault of a police officer." The trial court requested that defense counsel tender the proposed limiting instruction to the court and told Williams that his objection and requested limiting instruction "require that you ask for it an appropriate time." The trial court did not rule on Williams's Rule 403 objection, nor did it grant his motion for a limiting instruction. Rather than pursuing a ruling, Williams agreed that he could "wait until any offense conduct that could construe that particular extraneous bad act" was offered into evidence.

Throughout the punishment hearing, Williams did not object to any evidence offered regarding the aggravated robbery conviction. By failing to object to any of the evidence offered regarding the previous aggravated robbery conviction, Williams waived his right to raise the issue on appeal. *See* TEX. R. APP. P. 33.1.

15

Williams also contends that the trial court failed to conduct a "threshold analysis" of the admissibility of evidence of his prior aggravated robbery conviction. Williams, however, did not object on such grounds during the punishment hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (requiring State to prove "beyond a reasonable doubt" that defendant committed offense or act sought to be admitted); *see Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) ("[T]he point of error on appeal must comport with the objection made at trial."); *see also Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) ("An objection stating one legal theory may not be used to support a different legal theory on appeal." (citing *Johnson v. State*, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990))). Accordingly, Williams waived his right to raise the issue on appeal.

Because Williams waived his right to challenge the admissibility of his prior aggravated robbery conviction, we conclude that the trial court did not abuse its discretion in admitting that evidence.

We overrule Williams's second issue.

## Conclusion

Having overruled both of Williams's issues, we affirm.

16

                                    Harvey Brown
                                    Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).